IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |  |
|---|---|---|
| KIA M. LEGETTE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-364-CDL-AGH |
| | : | |
| MAGISTRATE COURT | : | |
| OF MUSCOGEE COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

On November 6, 2025, Plaintiff filed a complaint (ECF No. 1) and shortly thereafter, Plaintiff also filed motions to amend her complaint (ECF Nos. 4, 5), a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 6), and a motion for emergency relief (ECF No. 10).   Because Plaintiff is unable to pay the filing fee, her motion to proceed IFP (ECF No. 6) is **GRANTED**.   However, for the reasons stated below, Plaintiff must recast her complaint if she wishes to proceed with her claims, her motions to amend are denied as moot, and the Court recommends that the motion for emergency relief be denied.

## DISCUSSION

### I.   Legal Standard for Preliminary Review

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2).   That statute requires the court to "dismiss the case at any time if the court determines that . . .

the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks and citation omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain

2

an action[.]"  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## II.    Plaintiff's Complaint

Plaintiff sues the Magistrate Court of Columbus, Georgia, Arbor Pointe Apartments, Deyana Basillio, Chandler Riley (an attorney with Page Scrantom),[1] Sally Haskins (an attorney with the Georgia Legal Services program), and the Georgia Department of Community Affairs.  Compl. Attach. 1, at 1, ECF No. 1-1. Plaintiff appears to be suing for alleged "intentional acts of discrimination and repeat violations" of Plaintiff's alleged rights under the Violence Against Women Act ("VAWA").  *Id.* at 2.  In pertinent part, Plaintiff contends that Defendants Basillio and Riley failed to complete a VAWA investigation within 100 business days after she submitted a written complaint to the management of Arbor Pointe on July 27, 2025.  *Id.* at 3.  Defendants allegedly terminated Plaintiff's lease, and they failed to "complete an emergency transfer request" on September 22, 2025, which Plaintiff alleges should have been completed within ten business days.  *Id.* (citing Compl. Exs. 1, 4, 5, ECF Nos. 1-3, 1-5, 1-6).

According to Plaintiff, Defendant Haskins failed to protect Plaintiff's alleged rights under the VAWA, and Defendant Haskins closed Plaintiff's case.  *Id.* at 4 (citing Compl. Ex. 9, ECF No. 1-9).  Plaintiff asserts that the "Columbus local Magistrate Court" denied her motion to request a hearing because that court found that Plaintiff could afford to file a claim.  Compl. Attach. 1, at 5.  Plaintiff states

---

[1] Plaintiff spells Defendant Riley's name in two different ways.  However, his letterhead is part of the record, and it spells his name Riley.  *See* Compl. Ex. 1, at 1, ECF No. 1-3.

that the court "failed to apply code FHEO-2023-01(f)(1) para (2) page (7)" which she contends entitled her to a hearing without charge. *Id.* Plaintiff seeks damages and injunctive relief as well as charges and civil penalties to be assessed against Defendant Arbor Pointe. *Id.* Plaintiff also asks this Court to establish a "Housing Enforcement Officer" to educate others and enforce housing codes. *Id.* For several reasons, if Plaintiff wishes to continue with her claims, she must recast her complaint because she fails to state a plausible claim upon which relief can be granted.

First, it is not clear that the VAWA provides for a private right of action. *Knight v. Macon Housing Auth.*, No. 5:25-cv-366 (MTT), 2025 WL 2698992, at *3 (M.D. Ga. Sept. 22, 2025). What's more, FHEO-2023-01, the provision that Plaintiff relies on, is simply a notice to the public regarding the Office of Fair Housing and Equal Opportunity's ("FHEO") enforcement authority and procedures under the VAWA. *See* H.U.D. Archives, https://archives.hud.gov (searching for "FHEO-2023-01"). That notice instructs the public on FHEO's VAWA complaint and investigation processing. FHEO-2023-01, at 4. Importantly, that process is completed at the administrative level, and although the process can result in a federal court case, the federal court case is prosecuted by the U.S. Department of Justice. *Id.* at 5-8. Finally, Plaintiff does not allege that her housing was terminated *because* she was a victim of domestic violence. *See Knight*, 2025 WL 2698992, at *3 (noting that 34 U.S.C. § 12491(b) prohibits termination of or eviction from housing "on the basis that" the individual has been a victim of domestic violence). Instead, Plaintiff alleges that she requested a transfer due to an unnamed individual stalking her. Compl. Attach.

4

1, at 4.

Second, Plaintiff also contends she is asserting a claim under 42 U.S.C. § 1983. Compl. 3, ECF No. 1.   However, to state a claim under § 1983, a plaintiff must allege "that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024).

Here, even if the VAWA provides a private cause of action, Plaintiff has not alleged a violation of that Act.   Further, it does not appear that the individuals and organizations that Plaintiff currently names as Defendants are capable of suit under § 1983.   Individuals are liable under § 1983 only if they are "a person who may fairly be said to be a state actor."   *Stevens v. Plumbers and Pipefitters Local 219*, 812 F. App'x 815, 819 (11th Cir. 2020) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).   It is "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."   *Id.* (citation omitted).   It is, thus, unlikely that Defendants Basillio, Riley, or Haskins are "state actors" capable of being sued under § 1983.

5

Further, Defendants Magistrate Court of Columbus and the Georgia Department of Community Affairs are not "persons" under § 1983. In Georgia, local magistrate courts are arms of Georgia's judicial branch, created by the Georgia constitution. *See King v. King*, No. 5:17-CV-24 (MTT), 2017 WL 4018857, at *4 (M.D. Ga. Sept. 12, 2017) (citing the Georgia constitution and *Watts v. Bibb Cnty.*, No. 5:08-CV-413 (CAR), 2010 WL 3937397, at *11 (M.D. Ga. Sept. 30, 2010)). Thus, Defendant Magistrate Court of Columbus is not a person for purposes of § 1983, and importantly, even if it was capable of being sued under § 1983, it is also likely entitled to immunity under the Eleventh Amendment as an arm of the state of Georgia. *Id.* (citing *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003)). Finally, like Defendant Magistrate Court of Columbus, Defendant Georgia Department of Community Affairs is also incapable of suit under § 1983, as it is an agency of the state of Georgia. *Dudar v. Dep't of Cmty. Affs.*, No. 21-11173, 2022 WL 30169, *2-3 (11th Cir. Jan. 4, 2022) (holding that the Georgia Department of Community Affairs "is not a 'person' within the meaning of § 1983 and, thus, § 1983 does not provide a cause of action . . . to sue the" Department). Consequently, Plaintiff has not stated a claim, and if she wishes to proceed with her claims, she must recast her complaint.[2]

Plaintiff is accordingly **ORDERED** to recast her complaint to include all claims and facts she wishes to make in this case.[3] The recast complaint must contain

---

[2] Plaintiff filed two motions to amend her complaint. ECF Nos. 4, 5. Because the Court concludes that Plaintiff must recast her complaint, the motions (ECF Nos. 4, 5) are DENIED as moot.

[3] At this early stage, Plaintiff also has the option of dismissing her case by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that she is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her constitutional rights.

When drafting her statement of claims, Petitioner should list numbered responses to the following questions (to the extent possible) along with the name of each defendant or respondent:

(1) *What* did this defendant or respondent do (or not do) to entitle you to relief?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's or respondent's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *What* relief do you seek from this defendant or respondent? To the extent you can name a cause of action that entitles you to bring a claim or claims in federal court, be sure to include that information.

Plaintiff should state her claims as simply as possible referring only to the relevant allegations against the named defendants in this case; she need not attach supporting documents to her recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in her recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in

the body of her recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that she will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether she has pursued grievances and exhausted any relevant administrative remedies, or she risks dismissal of this case.

**The recast complaint will take the place of the original Complaint (ECF No. 1). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than fifteen (15) pages in its entirety. This fifteen (15) page limit includes, and is not in addition to, the pages of the Court's standard form.** The Court will not consider any allegations in any other document, or any allegations not contained within those fifteen pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to her lawsuit should be clearly stated in her recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## III.    Motion for Emergency Relief

Plaintiff also filed a motion for emergency relief, seeking injunctive relief in the form of funds to prevent eviction, again relying on FHEO-2023-01 (ECF No. 10). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020) (citation omitted).    The standards for obtaining a preliminary injunction and obtaining a TRO are the same.    *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).    In determining whether a preliminary injunction should be granted, the Court considers

> whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).    "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."    *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotation marks and citations omitted).

Plaintiff does not address these factors in her motion, and as the Court found that Plaintiff failed to state a claim and must recast her complaint if she wishes to proceed, the Court cannot conclude that there is a substantial likelihood that Plaintiff

will ultimately prevail on the merits at this juncture.   Furthermore, Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations.   *See generally* Fed. R. Civ. P. 65(a).   Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.   Plaintiff's motion seeking preliminary injunctive relief (ECF No. 10) should therefore be denied without prejudice to Plaintiff filing a renewed motion if Plaintiff's claims proceed past the preliminary screening that is required by 28 U.S.C. § 1915(e) and process is served on Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to amend (ECF Nos. 4, 5) are denied as moot, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 6) is granted, and if Plaintiff wishes to continue with this action, she must recast her complaint on the Court's standard form within fourteen days of the date of this Order.   The Clerk is directed to forward the appropriate form to Plaintiff for her use in complying with this Order.   Plaintiff is also ordered to inform the Court in writing of any change in address while this action is pending.   Failure to comply with this order in its entirety may result in the Court dismissing this action.   Finally, it is also recommended that Plaintiff's motion for emergency relief (ECF No. 10) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   Any objection should be no longer than TWENTY (20) PAGES in length.   See M.D. Ga. L.R. 7.4.   The

10

district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 24th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE